DAVID KAUFMAN & SONS CO. v. SMITH, Collector of Customs.

(Circuit Court, D. New Jersey. January 13, 1909.)

CUSTOMS DUTIES (§ 13*)—IMPORTS FROM CANAL ZONE—DUTIABILITY.

Importations into the United States from the Panama Canal Zone, since the cession of such territory to the United States, are dutiable.

[Ed. Note.—For other cases, see Customs Duties. Dec. Dig. § 13.*]

At Law. Action to recover customs duties.

George Whitefield Betts, Jr., and Wallace, Butler & Brown, for importers.

John B. Vreeland, U. S. Atty., for defendant.

CROSS, District Judge. The above-entitled suit was instituted to recover back duties paid by the plaintiff to the defendant, collector of the port of Newark, N. J., which duties were exacted and paid under protest by the plaintiff in two several payments made in the months of October and November, 1906, upon certain old iron and machinery consigned to the plaintiff, and shipped and brought to the port of Newark from the port of Cristobal in the Panama Canal Zone. The plaintiff in and by its declaration, which contains two counts, claims that the property above referred to was not liable to the duties thus paid, because the same had not been imported into the United States from any foreign country, within the meaning of any valid statute or executive order of the United States, but, on the contrary, was merchandise which, under and by virtue of the provisions of the Constitution of the United States in that regard, was entitled to free entry in any part of the United States.

The defendant demurred to each count of the declaration and assigned various grounds of demurrer, which, however, it will be unnecessary to consider at length, because, in view of the treaty between the republic of Panama and the United States ceding the Canal Zone, and of the various acts of Congress relating to said Zone, the principles laid down in Downes v. Bidwell, 182 U. S. 244, 21 Sup. Ct. 770, 45 L. Ed. 1088, are decisive of all the questions raised thereby. The legal status of the goods referred to in the declaration, coming as they did into the United States from the Canal Zone, was in no wise different from that of the goods which, in the case cited, were imported from Porto Rico.

The demurrer is sustained.